## Case No. 9,924.

MUNGOSAH v. STEINBROOK.

[3 Dill. 418.][1]

Circuit Court, D. Kansas. 1875.

INDIAN LANDS IN KANSAS—MODE OF CONVEYANCE.

The laws of the state of Kansas have no application to the mode of alienation of lands granted to the Miami Indians (10 Stat. 1093; 11 Stat. 430), so long as the title remains in the patentees. Case of Kansas Indians, 5 Wall. [72 U. S.] 737, applied.

[Cited in U. S. v. Payne, Case No. 16,014.]

Ejectment. Plaintiff [James Mungosah] claims the title under a patent dated November 1st, 1859, issued to him in his Indian name as a member of the Miami tribe of Indians. The patent recites the 2d article of the treaty with the Miamis of June 5, 1854 (10 Stat. 1093), and contains the condition prescribed by the secretary of the interior under section 11 of the act of March 3, 1859 (11 Stat. 430), that the land patented "shall never be sold or conveyed" by the grantee without the consent of the secretary of the interior. The defendant [Daniel Steinbrook] is the grantee of the patentee under a deed made by the guardian of the grantee appointed by the probate court of Miami county, Kansas, and approved by the secretary of the interior November 5, 1868. The records of said probate court show that the guardian was appointed on the application of the grantee, who was a minor, and that the probate court ordered the guardian to make sale of the land; that the sale was reported to and approved by the probate court; but the said records do not show that the guardian executed a bond as required by the laws of the state in the case of the sale of the real estate of a minor.

A. Ennis and C. M. Foster, for plaintiff.

B. F. Simpson and Mr. Snoddy, for defendant.

Before DILLON, Circuit Judge, and FOSTER, District Judge.

DILLON, Circuit Judge. Under the treaty and the legislation of congress applicable to the lands patented to the Miami Indians, it is our opinion that, as to the mode of alienation so long as the title remained in the patentees, the laws of the state had no application or operation. This is obvious from Case of Kansas Indians, 5 Wall. [72 U. S.] 737, 757, 759. The regulations of the secretary of the interior in respect to the mode of alienation of these lands have been introduced in evidence; and the sale and conveyance to the defendant were made in conformity with those regulations and were approved by the secretary, whose approval appears on the deed. If the guardian of the minor had been appointed by the council of the Indians and the sale and deed had been approved by the

secretary, it would have been sufficient. It is objected that the sale in question is void because the probate court did not require a bond of the guardian before making the sale; this objection might or might not be good if the validity of the sale depended upon the laws of the state, but it does not. Judgment for the defendant.

See Gray v. Coffman [Case No. 5,714]; Hicks v. Butrick [Id. 6,458].